Approved:  _/s/ A. Messiter_____
Alexandra S. Messiter
Assistant United States Attorney

Before:   THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

**23 MAG 6393**

---

| UNITED STATES OF AMERICA | SEALED COMPLAINT |
|---|---|
| v. | Violation of 18 U.S.C. §§ 1343 and 2. |
| JOSEPH CHAN, | COUNTY OF OFFENSE: NEW YORK |
| Defendant. | |

---

SOUTHERN DISTRICT OF NEW YORK, ss.:

KAYLA DOBBINS, being duly sworn, deposes and says that she is a United States Postal Inspector with the United States Postal Inspection Service ("USPIS"), and charges as follows:

### COUNT ONE
### (Wire Fraud)

1. From at least in or about January 2014 through at least in or about December 2022, in the Southern District of New York and elsewhere, JOSEPH CHAN, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, CHAN fraudulently obtained at least approximately $3.1 million of funds belonging to a company at which he was then employed, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a United States Postal Inspector with the United States Postal Inspection Service. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my examination of various reports and records, and on my conversations with others. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of

others are reported herein, they are reported in substance and in part, except where otherwise indicated.

Overview of CHAN's Scheme to Defraud the Company

3. As set forth below, there is probable cause to believe that JOSEPH CHAN, the defendant, fraudulently obtained millions of dollars from his former employer (the "Company") by means of unauthorized payroll payments, fraudulent requests for purported business expense reimbursements and petty cash disbursements, and unauthorized payments for purported health savings account ("HSA") contributions. In total, from in or about January 2014 until CHAN was placed on administrative leave by the Company in or about December 2022, CHAN fraudulently obtained at least approximately $3.1 million of funds belonging to the Company.

Background

4. Based on my participation in witness interviews and my review of records and information provided by the Company, I have learned the following:

a. The Company provides weighing and quality control services with respect to certain commodities including sugar, cocoa, and coffee. The Company is based in New York, New York.

b. From at least in or about 2007 through at least in or about December 2022, JOSEPH CHAN, the defendant, was employed by the Company as a controller.

c. In or about 2022, the Company uncovered a scheme by JOSEPH CHAN, the defendant, to fraudulently obtain millions of dollars of Company funds over a period of multiple years.

d. Thereafter, in or about December 2022, JOSEPH CHAN, the defendant, was placed on administrative leave and subsequently terminated.

CHAN's Theft of Payroll Funds

5. Based on my participation in witness interviews and my review of records and information provided by the Company, I have learned the following:

a. At all times relevant to this Complaint, the authorized base salary and bonus amounts for each employee at the Company were set forth annually in a compensation schedule (the "Compensation Schedule"). The Company then disbursed payroll payments through a third-party payroll vendor (the "Payroll Vendor"). JOSEPH CHAN, the defendant, in his role as controller at the Company, was responsible for transmitting the authorized salary and bonus amounts for each employee set forth in the Compensation Schedule to an accounting department employee ("Accounting Employee-1") for each pay period, which Accounting Employee-1 then electronically transmitted to the Payroll Vendor.

b. From at least in or about 2014 through in or about 2022, CHAN conveyed to Accounting Employee-1 and caused Accounting Employee-1 to electronically transmit to the

Payroll Vendor salary and bonus information that purportedly reflected the authorized salary and bonus amounts for each employee, but, in fact, included unauthorized excess payments for CHAN. CHAN conveyed this fraudulent salary and bonus information to Accounting Employee-1 by, among other things, sending emails to Accounting Employee-1 from the Company's office in New York, New York. Based on my review of records provided by Microsoft, I have learned that Microsoft is the email service provider for the aforementioned emails and that those emails were transmitted interstate, in that they were routed through Microsoft's servers located in states other than the state of New York.

   c. From at least in or about 2014 through in or about 2018, CHAN conveyed to Accounting Employee-1 salary information that included unauthorized excess compensation for unused vacation days for CHAN, totaling at least approximately $48,000. Further, from at least in or about 2019 through in or about 2022, CHAN conveyed to Accounting Employee-1 salary information for CHAN that included unauthorized excess base salary compensation as well as unauthorized excess compensation for unused vacation days, totaling at least approximately $941,000.

   d. When CHAN was asked by Accounting Employee-1 about salary increases for CHAN reflected in the salary information that CHAN conveyed to Accounting Employee-1, CHAN falsely stated, in substance and in part, that those salary increases had been approved by the president of the Company (the "President"), when, in fact, the President was not aware of and had not approved any such increases.

### CHAN's Theft of Expense Reimbursement and Petty Cash Funds

  6. Based on my participation in witness interviews and my review of records and information provided by the Company, I have learned the following:

   a. At all times relevant to this Complaint, the Company provided reimbursement to its employees for business expenses incurred in the course of performing their work duties. In order to obtain reimbursement for business expenses, employees were required to, among other things, submit expense reimbursement requests accompanied by documentation, such as receipts, supporting the business expense for which reimbursement was sought.

   b. At all times relevant to this Complaint, the Company also provided petty cash to employees, as needed, to be used for expenses incurred by employees in the course of performing their work duties. In order to obtain petty cash, employees were required to, among other things, submit petty cash requests accompanied by documentation supporting the business expense for which petty cash was sought.

   c. From at least in or about 2018 through in or about 2022, JOSEPH CHAN, the defendant, communicated to accounting employees, and caused accounting employees to input into the Company's accounting system, fraudulent expense reimbursement and petty cash requests, for which CHAN then obtained funds from the Company. These expense reimbursement and petty cash requests purported to pertain to legitimate business expenses. However, the requests lacked supporting documentation pertaining to any legitimate business expenses.

    d. Between at least in or about March 2018 through in or about 2022, CHAN obtained at least approximately $71,332 from the Company through fraudulent invoices submitted for purported business expenses.  In addition, between at least in or about January 2020 through in or about 2022, CHAN obtained at least $959,000 from the Company through fraudulent petty cash requests.

### CHAN's Theft of HSA Funds

    7. Based on my participation in witness interviews and my review of records and information provided by the Company, I have learned the following:

    a. At all times relevant to this Complaint, the Company made annual contributions on behalf of certain employees to HSA accounts, up to the maximum HSA contribution limits established by the Internal Revenue Service ("IRS").[1]

    b. From at least in or about January 2015 through in or about December 2022, JOSEPH CHAN, the defendant, issued to himself from the Company at least approximately $1.1 million in checks fraudulently purporting to be HSA account contributions intended for an HSA account belonging to CHAN at a particular financial institution.  However, these checks were, in fact, unauthorized by the Company and significantly in excess of the annual HSA contribution limits established by the IRS.

### CHAN's Statements to the Company

    8. Based on my review of notes and information provided by the Company about a meeting between Company employees and JOSEPH CHAN, the defendant, I have learned that CHAN participated in a meeting with the President and another senior Company employee on or about December 19, 2022.  During that meeting, CHAN admitted, in substance and in part, that he had taken funds belonging to the Company, which he disguised as petty cash disbursements and HSA contributions.[2]  CHAN falsely claimed that he had only taken from the Company approximately $400,000.  Following the meeting, CHAN was placed on leave before ultimately being terminated by the Company.

---

[1] Based on my review of publicly-available information published online by the United States Centers for Medicare and Medicaid Services, I have learned that an HSA account is a type of savings account that enables individuals to set aside money on a pre-tax basis to pay for qualified medical expenses.  Each year, the maximum HSA contributions for individuals and families are established by the IRS.

[2] In the course of the meeting, CHAN variously stated, in substance and in part, that this conduct began in 2018, in 2019, and in 2022.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of JOSEPH CHAN, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s Kayla Dobbins  (By Court with Authorization)
_____
Kayla Dobbins
United States Postal Inspector
United States Postal Inspection Service

Sworn to me through the transmission of
this Complaint by reliable electronic
means, this  14th day of September 2023.

_____
THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

5